UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTUAN ANTONIO TAYLOR,

    Petitioner,

v.                                                                           CASE NO. 6:12-cv-460-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon consideration of the amended petition (Doc. No. 15), the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a response to the amended petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 18). Although Petitioner was given an opportunity to file a reply, he has not done so.

Petitioner alleges one claim for relief, challenging the constitutionality of section 893.13, Florida Statutes, based on the reasoning in *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011).[1] For the following reasons, the petition for writ of

---

[1] In *Shelton*, the district court determined that due to an amendment of the statute in 2002, which eliminated the mens rea as an element of the statute, section 893.13, Florida Statutes, was facially unconstitutional. 802 F. Supp. 2d at 1302-06.

habeas corpus is denied.

I.   *Procedural History*

According to the petition, Petitioner was convicted of trafficking in cocaine on July 18, 2003 (Doc. No. 1 at 1).² The trial court sentenced Petitioner to a fifteen-year term of imprisonment. *Id.* Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*. *Id.* at 2. On August 29, 2011, Petitioner filed a motion to correct sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure in which he challenged his sentence based on the ruling in *Shelton*. *Id.* at 4. The trial court denied the motion. *Id.* Petitioner did not appeal.

II.   *Analysis*

To obtain relief under 28 U.S.C. § 2254, Petitioner must show "that the state court decision adjudicating his claims . . . . was contrary to or involved an unreasonable application of, clearly established Supreme Court precedent . . . ." *Philmore v. McNeil*, 575 F.3d 1251, 1255 (11th Cir. 2009); 28 U.S.C. § 2254(d).

Petitioner claims that the trial court erred when it convicted and sentenced him pursuant to section 893.13, Florida Statutes, because that statute was found to be unconstitutional by the United States District Court for the Middle District of Florida in *Shelton*. Petitioner's challenge to the legality of his conviction and sentence is

---

²An appendix has not been filed in this action; however, the petition may be resolved without an appendix. The facts set forth in this Order are derived from the petition and documents attached to the petition.

foreclosed by the Eleventh Circuit Court of Appeals' decision in *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012), in which the appellate court reversed the district court's decision. Therefore, Petitioner is not entitled to relief on his claim. *See Collins v. Sec'y, Dep't of Corr.*, 507 F. App'x 915, 916 (11th Cir. 2013) (affirming the dismissal of a habeas petition based on the Eleventh Circuit's decision in *Shelton*); *Johnson v. Sec'y, Dep't of Corr.*, No. 6:12-cv-572-Orl-19DAB, 2012 WL 6522750, at *1 (M.D. Fla. Dec. 14, 2012) (holding the petitioner's claim was foreclosed by *Shelton*).

Additionally, other courts have held that section 893.13 is not unconstitutional. *See United States v. Bunton*, No. 8:10-cr-327-T-30EAJ, 2011 WL 5080307, at *9 (M.D. Fla. Oct. 26, 2011); *State v. Adkins*, 96 So. 3d 412 (Fla. 2012) (upholding the constitutionality of section 893.13, Florida Statutes). Petitioner does not cite to any Supreme Court precedent which has held to the contrary. Consequently, Petitioner cannot demonstrate that the state court's denial of his claim was contrary to, or resulted in an unreasonable application of, clearly established federal law. Accordingly, Petitioner's claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.     *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S.

180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus filed by Antuan Antonio Taylor (Doc. No. 15) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 28th day of August, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 8/28
Counsel of Record

Antuan Antonio Taylor